IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER RANDALL DAVIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 3:19-CV-24 (CAR) |
| | : | |
| SHERIFF JOE CHAPMAN, and | : | |
| INVESTIGATOR WILLIAM KNIGHT, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Defendants Joe Chapman and Keith Knight move for summary judgment arguing Plaintiff Christopher Davis's remaining claims are barred by the statute of limitations. After careful consideration of the parties' arguments, the record, and the applicable law, the Court agrees. Defendants' Motion for Summary Judgment [Doc. 79] is **GRANTED**.

### PROCEDURAL BACKGROUND

Plaintiff Christopher Randall Davis brought this action claiming Defendants engaged in a prolonged campaign of harassment and intimidation against him in retaliation for his constitutionally protected speech criticizing Sheriff Chapman during and after the 2016 election for Walton County Sheriff. In its previous

summary judgment order, the Court dismissed all claims except Plaintiff's First Amendment retaliatory harassment claims against Sheriff Chapman and Investigator Knight.[1] Specifically, the Court found that Sheriff Chapman was not entitled to qualified immunity, and a reasonable jury could find he threatened Plaintiff with incarceration and prosecution at the Walton County Jail in October 2016 in retaliation for Plaintiff's constitutionally protected speech. In addition, the Court found Investigator Knight was not entitled to qualified immunity, and a reasonable jury could find he threatened Plaintiff with arrest in July 2016 in retaliation for his constitutionally protected speech.

Thereafter, the Court granted Defendants' request to file a motion for summary judgment on statute of limitations grounds. Defendants argue Plaintiff's two remaining claims are barred by the statute of limitations. Plaintiff disagrees and contends his harassment claims are akin to a hostile work environment claim; thus, because some of the harassment occurred within the statute of limitations, his claims fall under the continuing violation doctrine and are not time barred. Alternatively, Plaintiff argues even if his claims are time barred, he has identified three actionable retaliation claims that occurred within the statute of limitations,

---

[1] [Doc. 73]. The Court detailed the factual background in its previous Order and will not recount it here.

and therefore his claims may go forward. As explained below, Plaintiff's claims are barred by the statute of limitations, and he has identified no actionable claim within the statute of limitations. Thus, Defendants are entitled to summary judgment.

## LEGAL STANDARD

Summary judgment is proper if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] Not all factual disputes render summary judgment inappropriate; only a genuine issue of material fact will defeat a properly supported motion for summary judgment.[3] This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict.[4]

On summary judgment, the Court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party; the Court may not make credibility determinations or weigh the evidence.[5] The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions,

---

[2] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).
[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).
[4] *See id.* at 249-52.
[5] *See id.* at 254-55; *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law.[6] If the moving party discharges this burden, the burden then shifts to the nonmoving party to respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence creates a genuine issue of material fact or that the moving party is not entitled to a judgment as a matter of law.[7] This evidence must consist of more than mere conclusory allegations or legal conclusions.[8]

## ANALYSIS

<u>Plaintiff's Claims are Barred by the Statute of Limitations</u>

Claims for violations of the United States Constitution brought under 42 U.S.C. § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the lawsuit is pending.[9] "In Georgia, the proper limitations period for all § 1983 claims is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injury."[10] A claim accrues under § 1983—as a matter

---

[6] *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).
[7] *See* Fed. R. Civ. P. 56(e); *see also Celotex*, 477 U.S. at 324-26.
[8] *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).
[9] *See Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008).
[10] *Inman v. State Bar of Ga.*, 611 F. App'x 579, 581 (11th Cir. 2015) (citing *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986)).

of federal law—when "the plaintiff knows or has reason to know that he has been injured" and by whom.[11]

"Under the continuing violations doctrine, the statute of limitations is tolled for a claim that otherwise would be time-barred where the violation giving rise to the claim continues to occur within the limitations period."[12] The doctrine "permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period."[13] "The continuing violation is premised on the equitable notion that the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated."[14] "If any event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine to overcome the statutory requirement of filing [suit] with respect to that event or series of events."[15]

Plaintiff filed his Complaint on February 28, 2019, so any claims that

---

[11] *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).
[12] *Natl. Parks & Conservation Assn., Inc. v. Tenn. Valley Auth.*, 502 F.3d 1316, 1322 (11th Cir. 2007) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982)).
[13] *Robinson v. United States*, 327 F. App'x 816, 818 (11th Cir. 2007) (citing *Hipp v. Liberty Natl. Life Ins. Co.*, 252 F.3d 1208, 1221 (11th Cir. 2001)).
[14] *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 120, 1222 (11th Cir. 2001).
[15] *Id.*

accrued prior to February 28, 2017, are time-barred under Georgia's two-year personal injury statute of limitations. Defendants contend Plaintiff's claims are a series discrete retaliatory harassment claims that accrued well before the cutoff date: His claim against Investigator Knight accrued in July 2016, and his claim against Sheriff Chapman accrued in October 2016; thus, they are time-barred. Plaintiff contends his claim is one retaliatory harassment claim based on Sheriff Chapman and his deputies' campaign of harassment against him. Plaintiff argues that his claim is analogous to a hostile work environment claim, and because the harassment continued to occur well within the limitations period, it is timely under the Supreme Court's analysis in *Nat'l R.R. Passenger Corp. v. Morgan*.[16] The Court is unconvinced.

In *Morgan*, the Supreme Court held that "[a] charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period."[17] The Supreme Court differentiated discrete discriminatory acts from the repeated conduct in a hostile work environment claim that occurs over a period of time where "a single act of harassment may not

---

[16] 536 U.S. 101 (2002).
[17] *Id.* at 122.

be actionable on its own."[18] Plaintiff contends his claim, like a hostile work environment claim, is composed of a series of separate acts that collectively constitute one unlawful practice of police harassment.[19]

But *Morgan's* application of the statute of limitations to hostile work environment claims is inapplicable to Plaintiff's First Amendment retaliatory harassment claims. First, Plaintiff's claim is neither statutorily defined nor arises in an analogous employment context. *Morgan's* analysis is premised on Title VII's definition of a hostile work environment claim as "one 'unlawful employment practice,'" the "very nature [of which] involves repeated conduct" in the specific workplace environment.[20] Plaintiff's claims neither arise in the workplace nor fall under a statutorily defined "practice."

Second, Plaintiff does not assert one continuous practice of retaliatory harassment. He asserts a series of discrete retaliatory acts by Sheriff Chapman, Investigator Knight, and other sheriff's deputies that formed a pattern of retaliatory harassment. In *Morgan*, the Supreme Court unanimously rejected the view that a series or pattern of related discrete acts could constitute one

---

[18] *Id.* at 115.
[19] *Id.* at 117 (quoting 42 U.S.C. 2000e-5(e)(1)).
[20] *Id.* at 115.

continuous unlawful employment practice for purposes of statute of limitations.[21]

"A discrete retaliatory or discriminatory act 'occur[s]' on the day that it 'happened.'"[22] Investigator Knight's threats happened in June 2016; Sheriff Chapman's threats happened in October 2016. These were discrete, actionable First Amendment retaliation acts, and Plaintiff knew or should have known he was injured on those dates. Because they occurred outside the limitations period, they are barred by the statute of limitations.[23] Plaintiff's allegation of an ongoing "campaign of harassment" "does not extend the statute of limitations where the individual effects of the [campaign] that give rise to the claim are merely discrete acts."[24] "[D]iscrete acts that fall within the statutory time period do not make timely acts that fall outside the time period."[25] Claims cannot be premised on untimely discrete acts "even if the discrete act was part of a company-wide or systemic policy."[26]

Finally, no legal authority authorizes the application of *Morgan*'s statute of

---

[21] *Id.* at 110-115.
[22] *Morgan*, 536 U.S. at 110.
[23] *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1178 (11th Cir. 2005) (quoting *Morgan*, 536 U.S. 101, 122 (2002)) ("[T]he timely-filing requirement erects an absolute bar on recovery for 'discrete discriminatory or retaliatory acts' occurring outside the limitations period.")
[24] *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 157 (2nd Cir. 2012); *see also Morgan*, 536 U.S. at 115 ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act constitutes a separate actionable [ ] practice.")..
[25] *Morgan*, 536 U.S. at 112
[26] *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1185-86 (10th Cir. 2003).

limitations rule for hostile work environment claims to section 1983 First Amendment retaliation claims. Plaintiff fails to identify any case where *Morgan*'s hostile work environment rule applies to the accrual of a section 1983 First Amendment claim. And the two section 1983 cases this Court found addressing the issue rejected the argument that retaliatory acts occurring outside the statute of limitations were part of a pattern and therefore timely under the continuing violation doctrine.[27]

Plaintiff's reliance on *Bennett v. Hendrix*[28] and *Thompson v. Hall*[29] misses the mark. In both cases, the Eleventh Circuit found that a campaign of harassment may constitute an actionable First Amendment retaliation claim. To establish a First Amendment retaliation claim, a plaintiff must show that "(1) []he engaged in constitutionally protected speech [ ]; (2) the defendant's retaliatory conduct adversely affected that protected speech [ ]; and (3) a causal connection exists between the defendant's retaliatory conduct and the adverse effect on the

---

[27] *See USA Entertainment Group v. Tony*, 847 F. App'x 642 (11th Cir. 2021) (rejecting plaintiff's argument her First Amendment retaliation claims for police action that occurred outside the statute of limitations were timely under the continuing violation doctrine); and *Livingston v. Borough of McKees Rocks*, 223 F. App'x 84, 89, fn 3 (3rd Cir. 2007) (rejecting plaintiff's argument her First Amendment retaliation claims occurring outside the statute of limitations were timely under the continuing violation doctrine).
[28] 423 F.3d 1247 (11th Cir. 2005).
[29] 426 F. App'x 855 (11th Cir. 2011).

plaintiff's speech [.]"³⁰ Both panels focused on whether such patterns of harassment satisfied the second prong of a retaliation claim—whether the defendant's conduct adversely affected the protected activity.³¹ Neither panel addressed the pattern of harassment in the statute of limitations context nor held that a campaign of harassment alters the statute of limitations rule.

No Actionable Claims within the Statute of Limitations

Having rejected Plaintiff's statute of limitations argument, the Court now addresses his argument that he has identified actionable First Amendment retaliation claims that occurred within the two-year statute of limitations, and therefore he may use the time-barred acts as evidence of retaliatory harassment.³² Plaintiff points to three incidents that fall within the statute of limitations: (1) the bond revocation motion filed in March 2017; (2) Deputy Whitlow's call in December 2018, and (3) the "initiation of professional investigations of Plaintiff with POST and the state Private Investigator Board in 2019."³³ None of these incidents, however, are actionable First Amendment retaliation claims, and

---

³⁰ *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1288 (11th Cir. 2019) (citing *Bennett*, 423 F.3d at 1250).
³¹ *Bennett*, 423 F.3d at 1254-55; *Thompson*, 426 F. App'x at 859-60; *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) (finding campaign of harassment allegation stated actionable First Amendment retaliation claim).
³² *See e.g., Allen v. County of Montgomery*, 788 F.2d 1485, 1488 (11th Cir. 1986) ("While some or most of this evidence of discriminatory treatment may concern time-barred conduct, it is relevant and may be used to illuminate current practices which, viewed in isolation, may not indicate discriminatory motives.").
³³ [Doc. 76, p. 3].

10

therefore Plaintiff cannot maintain his action.

The District Attorney's Office filed the bond revocation motion based on Plaintiff's violation of his bond conditions when he set fire to his neighbor's yard. "The intervening acts of the prosecutor, grand jury, judge and jury—assuming that these court officials acted without malice that caused them to abuse their powers—each break the chain of causation unless plaintiff can show that these intervening acts were the result of deception or undue pressure by the defendant policemen."[34] No evidence shows that Investigator Knight or Sheriff Chapman deceived or unduly pressured the prosecutor in filing the bond revocation motion. Indeed, no evidence shows Knight or Chapman had anything to do with the bond revocation motion.[35] Likewise, the record contains no evidence Investigator Knight or Sheriff Chapman had any role in Deputy Whitlow's call to Plaintiff in 2018, which related to Plaintiff's online complaints about a fencing company.[36] Thus, neither of these two incidents can ground a First Amendment retaliation claim based on a pattern of harassing conduct within the statute of limitations.

Finally, Plaintiff claims that after he "filed this lawsuit, [Plaintiff] received notice that someone contacted POST and the state Private Investigator Licensing

---

[34] *See Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989).
[35] Chapman Decl. at ¶5; Knight Decl. at ¶7; Davis Dep. at Ex. 5, p. 12.
[36] Chapman Decl. at ¶11; Knight Decl. at ¶9.

11

Board and urged them to investigate [Plaintiff]."[37] Plaintiff does not identify who informed him of the investigation and states only that he "believe[s] Sheriff Chapman is responsible for this part of his continuing retaliatory campaign against me."[38] Sheriff Chapman stated in his deposition that he didn't know if he contacted POST about Plaintiff's certification between 2014 and 2016 "when all this was going on" and that he knew of no reason why POST would be contacted after the lawsuit had been filed.[39] The record contains no evidence other than Plaintiff's speculation that Sheriff Chapman contacted POST and/or the state Private Investigator Licensing Board in retaliation for Plaintiff's political speech. Such speculation is insufficient to support a cognizable First Amendment retaliation claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. 79] is **GRANTED**.

**SO ORDERED**, this 28th day of September, 2021.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[37] Pl. Decl. at ¶10 [Doc. 53-3].
[38] *Id.*
[39] Chapman Dep. at pp. 113-115 [Doc. 45].

12